PHOENIX LAND & IMPROVEMENT COMPANY,
Respondent, v. M. SEIDEL, Appellant.

Kansas City Court of Appeals, February 1, 1909.

1. **LANDLORD AND TENANT: Wrongful Eviction: Other Demands: Landlord's Rights.** Though a tenement be taken for a certain time at a certain rent, yet if the landlord wrongfully evicts the tenant the latter will be absolved thence on from payment of the rent, and a constructive eviction may as effectively sever the relation as a physical one; but the acts of other tenants in the building cannot effect the landlord's rights unless he authorizes or becomes a party to the wrongful acts.

2. ———: ———: ———: ———: **Evidence: Jury.** *Held*, the evidence shows a condition clearly opposed to the ease and comfort that should exist in living rooms and that it authorized the tenant to vacate, and it was a question for the jury on the evidence as to whether the landlord was a party to the operation of a laundry·under the tenant's flat in an apartment house.

Appeal from Jackson Circuit Court.—*Hon. Hermann Brumback*, Judge.

REVERSED AND REMANDED.

*Meservey & German* and *Cameron L. Orr* for respondent.

(1) The court did not err in giving plaintiff's peremptory instruction at the close of all the evidence. Bank v. Hainline, 67 Mo. App. 483; Zwisler v. Storts, 30 Mo. App. 174; Asphalt Co. v. Transit Co., 102 Mo. App. 476; Woolf v. Campbell, 110 Mo. 114. (2) The evidence utterly failed to show an eviction. Lincoln Trust Co. v. Lincoln, 175 Mo. 43; Gray v. Gaff, 8 Mo. App. 392; French v. Pettingill, 128 Mo. App. 156; Delmar Investment Co. v. Blumenfield, 118 Mo. App. 108; O'Neill v. Manget, 44 Mo. App. 279; Jackson v. Eddy, 12 Mo. 209. (3) The court did not err in rejecting the testimony of the witness, Seidel, as to

the condition of the premises at the date of the lease. (4) This assignment of error, referring to the exclusion of the above testimony, is too general and is insufficient. State v. David, 159 Mo. 531; State v. Brown, 168 Mo. 474.

*Ringolsky & White* for appellant.

(1) The court erred in peremptorily instructing the jury to find for the plaintiff. The case should have gone to the jury. Jackson v. Eddy, 12 Mo. 212; Stewart v. Sparkman, 69 Mo. App. 459; Wolff v. Campbell, 110 Mo. 120. (2) The defendant's defense of eviction was complete. The evidence established every constitutive element of a constructive eviction. 24 Cyc., 1131; 11 Am. & Eng. Ency. Law (2 Ed.) 474; Jackson v. Eddy, 12 Mo. 212; French v. Pettingill, 128 Mo. App. 161. (3) The court erred in rejecting testimony of witness, Seidel, as to the condition of the premises at the date of the lease. Witte v. Quinn, 38 Mo. App. 681.

ELLISON, J.—This is an action by a landlord against a tenant for rent. The trial court peremptorily directed a verdict for the plaintiff, and defendant appealed.

It appears that defendant leased a flat of plaintiff which was one of a number of others in a building known as "flats." Defendant's apartment, or flat, consisting of several rooms, was on the lower or ground floor, immediately above the basement, which was divided into rooms, and extended under the entire building. Defendant, with his wife and children, entered into possession and occupied the flat for two months when he claimed that plaintiff's actions in aiding and permitting other tenants in the building to maintain a nuisance in the basement immediately under him, compelled him to abandon the premises.

Though a lease be taken by a tenant for a certain time, at a certain rent, yet if the landlord wrongfully evicts the tenant, he will be absolved thence on from the payment of rent. The eviction may be the result of the landlord's conduct which compels the tenant to abandon the premises. This is sometimes called a constructive eviction, but it is just as effective in severing the relation of the parties, as if the landlord had taken hold of him bodily and thrust him out. It is said in Jackson v. Eddy, 12 Mo. 209, that: "The consideration of the lessee's undertaking to pay rent is the quiet, peaceable and indisputable possession of the premises leased, and is, in its nature, a condition precedent to the payment of rent. If the lessor by any wrongful act disturbs the possession which he should protect and defend, he thereby forfeits his right, and the lessee may abandon the possession of the premises leased, and thereby exonerate himself from liability to pay rent." It is true that the acts of other tenants of a landlord cannot affect the landlord's rights against the complaining tenant unless the landlord authorized or in some way became a party to the wrongful act. French v. Pettingill, 128 Mo. App. 161, 11 Am. and Eng. Ency. of Law (2 Ed.), 471; 24 Cyc. 1431.

With this statement of the law we will consider what the record of the evidence tends to show was the difficulty in this case. It tends to show that when defendant leased the flat there was no laundry in use in the basement under him. But that afterwards plaintiff put in the necessary plumbing whereby laundry work could be done; that is, it put in a sink of sufficient dimensions for emptying laundry water and connected it with the sewer; and it put in hot and cold water pipes and faucets. There was undoubtedly evidence tending to show that this was done so that other tenants, who chose to do so, could do their laundry

work in that part of the basement. The evidence of plaintiff's officers, themselves, when connected with that of defendant, tends strongly to show that plaintiff was a party to having the laundry done under defendant's rooms.

There was evidence further tending to show that other tenants did use it as a laundry and that the fumes from the work would come into defendant's rooms above so as to make a disagreeable odor and dampness, and to such extent that windows had to be opened, and the health of his wife and children was threatened. This necessarily showed that the building was so constructed as to permit such result from laundry work. The evidence further tended to show that complaint was made to plaintiff's officers by the defendant.

Such condition of affairs is so clearly opposed to that ease and comfort one should have in living rooms of his residence, that it should leave the right of a tenant to vacate unquestioned.

There is no necessity for burdening the case with questions as to the law that all previous verbal negotiations were merged in the written lease which alone must be looked to for evidence of its terms. But that consideration will not prevent defendant from showing that when he rented the premises there was no laundry under his rooms.

We think that undoubtedly a case was made for the jury and that the peremptory instruction should not have been given. The judgment is reversed and cause remanded. All concur.